Mario Pittoni, J.
Application for an order, pursuant to article 78 of the Civil Practice Act, reviewing and annulling the respondents’ determination of May 18, 1961, which gave to Lawrence Properties, Inc., a contract-vendee, permission to use for the parking of automobiles the premises known as Section 2, Block 261, Lot 25, on the Land and Tax Map of the County of Nassau, is granted.
The answer does not comply with the requirements of section 1291 of the Civil Practice Act in that it does not “ set forth such facts as may be pertinent and material to show the grounds of the action taken ’ ’; nor is it accompanied by an affidavit by a person with knowledge of the facts * * * showing such evidentiary facts as shall entitled [respondents] to a trial of any issue of fact ”, as also required by section 1291. Therefore an order pursuant to section 1297 of the Civil Practice Act may be granted as on a motion for-summary judgment (Matter of Galuppi v. New York State Liq. Auth., 12 A D 2d 987; Matter of Lemir Realty Corp. v. Larkin, 8 A D 2d 970).
Briefly stated, Lawrence Properties, Inc., was given permission to use the subject property, Lot 25, for the parking of cars owned by the tenants, or their guests, of two apartment houses *512 located on Lots 126 and 136 respectively on Spruce Street in the Incorporated Village of Thomaston. The petitioners, nearby property owners, complaining that they are aggrieved by such permission, contend that the determination of the respondents was arbitrary and unreasonable.
The respondents contend that pursuant to section 10 of article VI-A of the zoning ordinance they have the power to permit the parking of vehicles. Assuming that they have the power, since the application is for a special exception, not otherwise permitted by the ordinance, a public hearing should have been held pursuant to notice previously given (Village Law, § 178). However, section 10 provides that “ Garages or storage places for motor vehicles other than in the main multi-family dwelling or apartment house building shall be subject to approval by the Board of Trustees and plans therefor shall be submitted with each application for a building permit.” (Emphasis supplied.) As no application for a building permit for the construction of a multiple dwelling was submitted, the aforesaid section 10 would not authorize the relief granted even if the hearing were conducted in accordance with a notice previously published. Clearly, section 10 does not refer to situations involving nonconforming apartment houses for which outdoor parking facilities are sought at a later time.
It may be (1) that by subsequent legislation, the respondents can provide a remedy, or (2) that the Zoning Board of Appeals, after a merger of the plots in one parcel, may authorize the parking of vehicles on what is now Lot 25; but the sole question before this court concerns the propriety of the resolution adopted on May 18,1961. Since the respondents proceeded contrary to the law, it must be held that the respondents, in adopting the resolution, were arbitrary and unreasonable.
The defenses interposed as to the petitioner Tannenbaum are lacking in merit. Moreover, the petitioners Pignatello would be entitled to the relief sought herein regardless of any defense pertaining to the petitioner Tannenbaum. The petitioners’ application is granted and the determination is annulled.